# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **Jyoti Singh** | § |
| | § |
| *Plaintiff* | § |
| | § |
| v. | § CIVIL NO. : 1:19-cv-541 |
| | § |
| **RiverSource Life Insurance Company** | § |
| | § |
| *Defendant* | § |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Jyoti Singh, Plaintiff herein, complaining of RiverSource Life Insurance Company, (hereinafter referred to as "RiverSource"), and for cause of action would show:

1. Plaintiff is a resident of Austin, Travis County, Texas and was a resident of Travis County Texas, at all times material to this lawsuit.

2. Defendant, RiverSource, is an insurance corporation duly and legally formed under the laws of the state of Minnesota, which does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136.

3. Jurisdiction is appropriate in this court under 28 U.S.C. § 1332. The matter in controversy arises between citizens of different states and the amount in

controversy exceeds $75,000.00.

4. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant, RiverSource, set forth herein have been performed or have occurred.

5. It has become necessary to bring this suit due to the failure of RiverSource to honor its obligations to Plaintiff. In February, 2004 Plaintiff purchased disability income insurance coverage, identified as policy number 9100-07270160 from IDS Life Insurance Company. IDS Life Insurance Company subsequently merged with RiverSource and RiverSource assumed all obligations to Plaintiff under the policy. In exchange for premiums, RiverSource was obligated to pay benefits to Plaintiff should she become disabled.

6. Plaintiff became disabled in December, 2015 and subsequently filed a claim for benefits under her disability income policy with RiverSource. RiverSource denied Plaintiff's claim.

7. On or around June 5, 2018, Plaintiff appealed the denial of benefits, but RiverSource denied Plaintiff's appeal on March 8, 2019.

8. The conduct described above constitutes a breach of contract. Plaintiff has incurred a covered loss which should have been compensated by RiverSource. RiverSource has failed to perform its obligations under the contract by failing to pay Plaintiff's valid claim, which was properly submitted.

9. RiverSource has additionally violated various provisions of Chapter 542 of the Texas Insurance Code. Specifically, RiverSource:

- A) Did not attempt to effect a prompt, fair, and equitable settlement of Plaintiff's claim after its liability became reasonably clear, in contravention of Texas Insurance Code § 542.003(b)(4);

- B) Compelled Plaintiff to file suit to recover an amount due under the policy by offering substantially less than will ultimately be recovered, in contravention of Texas Insurance Code § 542.003(b)(5);

- C) Failed to adopt reasonable standards for the prompt investigation of claims, in contravention of Texas Insurance Code § 542.003(b)(3);

- D) Failed to notify Plaintiff of the acceptance or rejection of her claim within the required timeframe, in contravention of Texas Insurance Code § 542.056(a), (d);

- E) Delayed payment of Plaintiff's claim for more than 60 days, in contravention of Texas Insurance Code § 542.058(a);

10. These violations entitle Plaintiff to damages, eighteen percent (18%) interest per annum on her damages, and attorney's fees and expenses under § 542.060 of the Texas Insurance Code.

11. The conduct described in this Complaint was a producing and proximate cause of damage to Plaintiff.

12. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees which are equitable and just.

13. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power and declare the specific rights and status of

3

the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is "Disabled" as that term is defined by the RiverSource policy.

WHEREFORE, Plaintiff prays that on final hearing, she have judgment against Defendant for her damages, statutory additional damages under the Texas Insurance Code, pre-judgment and post-judgment legal interest, costs of suit, reasonable attorney's fees and expenses incurred, a Declaration of her rights and status under the terms of the RiverSource policy, and such general relief to which she may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

**BEMIS, ROACH & REED**
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)
lonnie@brrlaw.com

By: _____/s/ *Lonnie Roach*_____
Lonnie Roach
State Bar No. 16967600
*For Plaintiff*

4